Our council here in PMB v. Ridgefield? For both sides? All right, we'll hear PMB now. All set? We're ready. Okay. May it please the Court, Geraldine McMahon on behalf of the Plaintiff Appellants. This is a pretty focused issue of whether the Connecticut's 45-day time limit related to IDEA cases applies or does the federal law's 90-day time limit for bringing an action in federal court apply? And I think there's a couple of... It's 90 days or if the state has an explicit time limitation. Correct. One or the other. So why doesn't that language pick up this Connecticut time limitation? Because first of all, if you look at the case law primarily, there's been no case that has looked specifically at the language that effective July 1 of 05 related to that second half or if the state has an explicit time. Well, there may not be a Second Circuit case, but why should we not apply the statute, the IDEA, as it's written? Because the Connecticut law is not explicit. The Connecticut law talks about appeals from the UAPA to the state superior court. It doesn't address specifically appeals or even federal actions. You're saying the Connecticut statute should include a reference to an appeal to federal court? I think the Connecticut statute should be explicit so that it very clearly addresses not just, oh, take a look at our UAPA and even though... The question is should. Are you saying the Connecticut statute must say this time limitation applies to a proceeding brought in federal court? Is that your argument? I think the point is I'm not the one that would have to rewrite it. I think that Connecticut should have it worded so that it is explicit, consistent with what the federal law is saying. So, yes, if that means that it has to say... Federal law doesn't say that, though. The federal law says if the state has an explicit time limitation for bringing such an action, and an action there, they're talking about an action challenging the decision of the hearing officer, whether it be in state court or federal court. It doesn't say... Congress didn't say they have to have an explicit time limitation for bringing an action in federal court. It just says for bringing an action, and there is a time frame in Connecticut for bringing that action. It's 45 days, right? If you bring it in state superior court. What I'm saying, the provision we're looking at doesn't say that they have to have a limitation, as Judge Shim was pointing out, for federal court. If they have any limitation for bringing a challenge to a hearing officer's decision, Congress is saying we want the same time frame for the state court challenge to apply to the federal law. Isn't that what Congress is saying? You really think Congress wanted to have two different time frames? No. No, I don't. I think that... That's what would happen here. No, not necessarily. That law, if it's not explicit, it should not apply, period. The 90-day should apply. And no court addressed that specific issue. The courts, if you look at the cases, and it's cited in the briefs, too, but the many of the cases are talking about borrowing. Well, borrowing doesn't have the very specific requirement of it being explicit. It's the most closely analogous. So there's a big difference between using a borrowing and using that statute, which they did. Borrowing applies when there is no federal statute of limitations, and we look to the most analogous one. Now, after the amendment, there is a federal statute of limitations. Right. That requires an explicit state law. And if the state law is explicit, not just closely analogous, then potentially the state law would apply. It's still the law that it was under the borrowing provision. Connecticut... I don't think we want States telling us what statute of limitations ought to apply. Which is what you're suggesting. You're suggesting that the Connecticut statute ought to prescribe a time limit for the filing of appeals to Federal court. I'm not saying that Connecticut has to do that. But I think Connecticut... What do you mean by explicit? What must the Connecticut statute say for the 45-day rule to apply to a Federal appeal? It should specifically state that it is, when it identifies it even, it has to be identified in a way that it is clear to the parents that if they choose to appeal and they have the right under State or Federal court, if they choose to appeal, whether they do it in State or Federal, they have 45 days to do so. So they're put on notice that not just they look at it and it says, if you're in State court, it's 45 days. Because Connecticut wanted to just bootstrap something that was generally in place for the UAPA and didn't tightly and explicitly define it for the IDEA. And I don't... I mean Connecticut's law is related to addressing the IDEA rights. Thank you. We'll hear from the other side. Good morning, Your Honors. Peter Murphy from Shipman and Goodwin for the Richfield Board of Ed. Your Honors, Judge Underhill correctly applied the 45-day limitation period from Connecticut law to the plaintiff's claims that were filed in Federal court. Judge Underhill's ruling was consistent both with the statutory language of the IDEA, numerous cases coming out of the District of Connecticut before his ruling, and even afterwards, and also the policies that underlie the IDEA. You know, when you look at the big picture of the IDEA, Your Honors, there's significant overlap or cooperation, rather, between the Federal government and State governments. The IDEA set the Federal standard. The State governments create their own administrative structures to address special education disputes. It's then implemented on the local level, and when there's disputes, it goes back up through the State system. Connecticut has a hearing officer system. Other States have a dual-level review before it gets to the courts. But the point being, Your Honors, is Congress has created a system that requires significant interaction between the State and Federal governments in regards to deadlines for bringing in an action challenging a hearing officer's decision. As Your Honor noted, it says 90 days, or if the State has the explicit time limitation for bringing such action under this subchapter, Connecticut certainly does. It's a 45-day deadline, and Judge Underhill. The suggestion is that to be explicit, the State statute must explicitly reference a Federal action. How do you respond to that? I don't see how that's required, Your Honor, as I think came up in the prior discussion. If a State has an explicit time limitation for bringing such action under this subchapter, it would be, I think, unusual for a State legislature to create a statute that dictates what would happen in Federal court. The Connecticut legislature passed the 45-day deadline for bringing actions in the Connecticut Superior Court. The IDEA under 1415 incorporates that into lawsuits brought in Federal court. All the cases that we cite, I think, on page 7 and 8 of our brief found that that applies. Subsection A, the section right before that, refers to actions being brought either in State court or Federal court, right? So when it refers to such an action, it's not talking about the location of the action. It's talking about the action itself, right? The action itself, correct, Your Honor. In this case, the plaintiffs chose to bring it in Federal court. And I will note, in terms of notice, the State Department of Education, the hearing officer, at the end of her decision, I think it was maybe page 64 of the record, specifically said at the end of her decision, parties may appeal to State or Federal court in accordance with 4183. And so the parties were explicitly on notice at the end of that hearing what the obligations are. So the State Department of Education, the courts that have reviewed this up to this time in Connecticut, have applied the 45-day deadline, and that certainly should be affirmed here. Briefly, Your Honors, in terms of the policy reasons, we cited some of the cases in our brief, and the IDEA favors that, right? It's an educational dispute. They're designed to be resolved fairly speedy. There's procedural protections for the parents, and it's very easy to meet this appeal deadline. You know, this case especially, there was 10 days of hearings. Both sides were represented by counsel. It doesn't – it's not a significant burden to comply with a 45-day deadline. And for those reasons, Your Honor, we would ask that you affirm Judge Underhill's ruling. Thank you. We'll hear the rebuttal. I want to – so first, I'd like to clarify that, in fact, what the hearing officer stated, as far as the issue of notice, was that the decision advised – I'm reading from their – from the appellee's brief, page 4 – but whether – the decision advised the parties that any appeal, whether in state or federal court, must be made in accordance with the provisions of Section 143, Connecticut General Statutes, and Title 20 of the U.S. Code. So if you look at that, you could look at it as if, which am I using then? Again, I think it's – it is to claim that a statute that is so narrowly focused should put the parties on notice is – maybe it worked under borrowing, but it doesn't provide the level of notice that it should. It doesn't have to define federal law, but it should be explicit that it is not only for filing in Connecticut State Superior Court. And I want to point out that none of the cases, with the exception of Underhill or Covello – anyway, I'm sorry. There were – that particular hearing officer in this case didn't even, from my perspective, correctly identify the issue, because it wasn't a question of whether the courts might end up with conflicting state and federal statutes. That's something that was addressed in some of the case law. But that it was an issue of which one applies. And again, the cases don't – they didn't have to address. Unfortunately, I'm here. I have to address it. But it wasn't an issue, 45 versus 90, in the cases cited in either party's briefs. So it is a question – it is an issue of first impression. It isn't – it doesn't require defining the federal law, but it does need to be explicit enough to put the parties on notice. Roberts. Thank you. Will reserve decision.